IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br> EOX HOLDINGS LLC and ANDREW GIZIENSKI, </br></br>　　　　Defendants. | ) ) ) ) ) ) Civil Action No. 4:19-cv-02901 ) ) ) ) ) ) ) |

**<u>DEFENDANTS' ADVISEMENT OF INTENT</u>**

Pursuant to the Court's Order dated September 5, 2019 (Docket Entry No. 69), Defendants EOX Holdings LLC and Andrew Gizienski (collectively, "Defendants") hereby advise the Court that they wish to proceed at this time with their Motion to Dismiss and for Summary Judgment on Counts I and II of the Complaint (the "Motion," Docket Entry No. 23). As set forth in Defendants' briefs in support of the Motion (Docket Entry Nos. 23 and 46), the Motion primarily presents an issue of law for this Court to decide: are Counts I and II of the Complaint precluded by the fundamental principle of agency law that when an agent represents two principals in the same transaction, the agent's knowledge is imputed to both principals and the agent does not owe a duty of confidentiality to either principal?

To present this legal issue, Defendants needed to introduce two facts beyond the Complaint: (1) in the type of trading at issue here, it is customary for a broker to act on behalf of both the buyer and the seller in the same transaction, and this is well understood by the buyer and seller; and (2) a broker acting for both sides of a transaction must disclose information of one customer to another in order to match a buyer and seller to execute a trade.

Because these two facts beyond the Complaint are necessary to present the legal issue,

1

Defendants' Motion seeks summary judgment in addition to dismissal. The Motion is fully briefed, and therefore ready for decision.

Finally, Defendants note that because Part II of the Motion seeks dismissal for lack of personal jurisdiction over Defendant Gizienski in the Southern District of New York, but this case has been transferred from the Southern District of New York to this Court, which Gizienski acknowledges has personal jurisdiction over him, Part II of the Motion is moot.

Dated: September 10, 2019

Respectfully submitted,

By: /s/ William J. Nissen
William J. Nissen (admitted *pro hac vice*)
ATTORNEY-IN-CHARGE
State of Illinois Bar No. 2055651
wnissen@sidley.com
Christopher Y. Lee (admitted *pro hac vice*)
State of Illinois Bar No. 6309526
chris.lee@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Conrad Coutinho
State Bar No. 24094601
S.D. Tex. No 2714820
ccoutinho@sidley.com
**SIDLEY AUSTIN LLP**
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I, William J. Nissen, hereby certify that on September 10, 2019, I electronically filed the foregoing **Defendants' Notice of Advisement** using the CM/ECF system, which will send notifications of such filing to the following:

Candice Haan (chaan@cftc.gov)
Robert Howell (rhowell@cftc.gov)
U.S. COMMODITY FUTURES TRADING COMMISSION
525 W. Monroe, Suite 1100
Chicago, Illinois 60660

                                    /s/ William J. Nissen
                                    William J. Nissen