United States District Court
Southern District of Texas

**ENTERED**

March 05, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

COMMODITY FUTURES TRADING     §
COMMISSION,     §
    §
        Plaintiff,     §
    §
v.     §     CIVIL ACTION NO. H-19-2901
    §
EOX HOLDINGS LLC and     §
ANDREW GIZIENSKI,     §
    §
        Defendants.     §

## <u>MEMORANDUM OPINION AND ORDER</u>

This action is brought by plaintiff, Commodity Futures Trading Commission ("CFTC" or "Plaintiff"), against defendants, EOX Holdings LLC ("EOX") and Andrew Gizienski ("Gizienski") (collectively, "Defendants"), for violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-27f, and the Regulations promulgated thereunder, 17 C.F.R. parts 1-190, during the period beginning in or about August of 2013 and continuing through May of 2014 ("relevant period"). Pending before the court is Defendants' Motion to Compel Discovery Regarding the Source of the CFTC's Alleged "Duty of Trust and Confidentiality" ("Defendants' Motion to Compel") (Docket Entry No. 103). For the reasons stated below Defendants' Motion to Compel will be denied.

## I.  Background

Plaintiff's complaint alleges that Defendants violated the CEA and CFTC regulations when Gizienski, a broker at EOX, exercised discretionary trading authority over an account belonging to an EOX client at the same time that Gizienski facilitated block trades for other EOX customers.[1]   In pertinent part Plaintiff's Complaint alleges that "[a]t all relevant times, Defendants owed duties of trust and confidentiality to EOX customers by law or rule, by agreement, and by understanding."[2]

On March 9, 2020, defense counsel served EOX Holdings Fourth Set of Interrogatories and Second Set of Production Requests seeking, inter alia,

> rules of other "registered entit[ies]" that may provide a source [of] that supposed duty or that might negate that source. . .

>> 1.  For each and every Exchange, Board of Trade or Other Trading Market Entity, identify each and every rule and/or other policy or guidance of any kind whatsoever, and any amendment thereto, that prohibits or at any time prohibited, limits or limited, or regulates or regulated in any way whatsoever the disclosure of information by one party to any counterparty and/or potential counterparty to a block trade and/or potential block trade

---

[1]Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint"), Docket Entry No. 1, pp. 16-18 ¶¶ 75-85.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id. at 5 ¶ 20.

(including but not limited to the types of disclosures involved in this case that You are contending were improper).  If any such entity does not have or did not have any such rule or other published mandatory policy, state "None" for that entity.

2.   For each and every Exchange, Board of Trade or Other Trading Market Entity, identify each and every rule and/or other policy or guidance of any kind whatsoever, and any amendment thereto (including but not limited to CME Rule 532, CBOT Rule 532, NYMEX Rule 532, COMEX Rule 532, and ICE Europe Futures Rule G.4) that (1) exempts parties and counterparties in block trades and/or the negotiation of block trades from . . . any rule or other published mandatory policy that prohibits or at any time prohibited, limits or limited, or regulates or regulated in any way whatsoever the disclosure of information by one party to any counterparty and/or potential counterparty to a block trade and/or potential block trade, including the types of disclosures involved in this case that You are contending were improper, and/or (2) permits them, whether conditionally or not, to disclose such information and/or to engage in pre-execution communications, including communications for the purpose of discerning interest in the execution of a transaction prior to the terms of an order being submitted for execution.  If any such entity does not have or did not have any such rule or other published mandatory policy, state "None" for that entity.[3]

---

[3]Defendants' Motion to Compel, Docket Entry No. 103, pp. 7-8 (quoting Defendant EOX Holdings LLC's Fourth Set of Interrogatories and Second Set of Production Requests ("EOX's Interrogatories and Production Requests"), Exhibit 12 to Defendants' Motion to Compel, Docket Entry No. 103-1, pp. 79-80, Interrogatories 1 and 2). Although the title of Exhibit 12 includes the words "Second Set of Production Requests," Defendants' Motion to Compel cites Exhibit 12 as including a "Third Set of Production Requests."  To avoid confusion, the court will refer to Exhibit 12 as "EOX's Interrogatories and Production Requests."

On April 8, 2020, Plaintiff responded to EOX's Interrogatories and Production Requests generally by asserting a number of objections, and specifically as follows:

Interrogatory No. 11:[4] . . .

RESPONSE:

    The Commission objects to Interrogatory No. 11 on the grounds that it is overbroad, unduly burdensome and beyond the scope of permissible discovery because it seeks information that is irrelevant to the parties' claims and defenses and it is not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b) to the extent it seeks "every rule and/or policy or guidance of any kind whatsoever" (collectively "Rules and Policies") from "each and every Exchange, Board of Trade or Other Trading Market Entity" (collectively "Exchanges and Trading Entities") because every Rule and Policy from every Exchange and Trading Entity is not relevant to the issues in this litigation. The Commission further objects to Interrogatory No. 11 to the extent it seeks information that is not in the Commission's possession, custody or control, and on the basis that it seeks information that is readily accessible to Defendants. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendants as for the Commission. See Federal Rule of Civil Procedure 33(d). . . .

    Subject to and without waiving these objections and the General objections, the Commission refers to its answer to Interrogatory No. 7. As stated in its answer

---

    [4]The Plaintiff "re-numbered Defendants' Fourth Set of Interrogatories to reflect the total number of interrogatories served upon the Commission. As a result, the Interrogatories referenced are numbered 11 and 12, respectively, in the Commission's responses." Plaintiff's Response in Opposition to Defendants' Motion to Compel Discovery Regarding the Source of the CFTC's Alleged "Duty of Trust and Confidentiality" ("Plaintiff's Response"), Docket Entry No. 105, p. 11 n.3.

to Interrogatory No. 7, the Commission's investigation
continues, and the Commission reserves the right to
supplement this answer after conducting additional
discovery.  The Commission further refers to ECF Nos. 1
and 35.

INTERROGATORY NO. 12:  . . .

RESPONSE:

        The Commission objects to Interrogatory No. 12 on
the grounds that it is overbroad, unduly burdensome and
beyond the scope of permissible discovery because it
seeks information that is irrelevant to the parties'
claims and defenses and it is not proportional to the
needs of the case pursuant to Fed. R. Civ. P. 26(b) to
the extent it seeks "every rule and/or policy or guidance
of any kind whatsoever" (collectively "Rules and
Policies") from "each and every Exchange, Board of Trade
or Other Trading Market Entity" (collectively "Exchanges
and Trading Entities") because every Rule and Policy from
every Exchange and Trading Entity is not relevant to the
issues in this litigation.  The Commission further
objects to Interrogatory No. 12 to the extent it seeks
information that is not in the Commission's possession,
custody or control, and on the basis that it seeks
information that is readily accessible to Defendants.
Providing such information in answering this
interrogatory would be oppressive, unduly burdensome and
unnecessarily expensive, and the burden of providing such
information in answering this interrogatory is
substantially the same or less for Defendants as for the
commission.  See Federal Rule of Civil Procedure
33(d). . . .

        Subject to and without waiving these objections and
the General objections, the Commission refers Defendants
to CFTC-02-0000000932-1062.  The Commission's investiga-
tion continues, and the Commission reserves the right to
supplement this answer after conducting additional
discovery.[5]

Citing Federal Rule of Civil Procedure 37(a)(1), Defendants

move the court "to compel Plaintiff . . . to respond to [EOX's

_____

        [5]Plaintiff's Response to Defendants' Fourth Set of
Interrogatories, Exhibit 13 to Defendants' Motion to Compel, Docket
Entry No. 103-1, pp. 88-90.

Interrogatories and Production Requests] directed at the source of the supposed duty of 'trust and confidentiality' that the CFTC seeks to impose on [them]."[6]

## II.  <u>Standard of Review</u>

Federal Rule of Civil Procedure 37(a)(3)(B) allows a party seeking discovery to move for an order compelling production against another party when the latter has failed to answer interrogatories submitted under Federal Rule of Civil Procedure 33, or failed to produce documents requested under Federal Rule of Civil Procedure 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  <u>See Crosswhite v. Lexington Insurance Co.</u>, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received.").  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "[A] party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless.'"  <u>Olivarez v. GEO Group, Inc.</u>, 844 F.3d 200, 203 (5th Cir. 2016).  The party filing the motion to compel bears the burden of showing that the materials and information are within the scope

---

[6]Defendants' Motion to Compel, Docket Entry No. 103, p. 1.

of permissible discovery and that Rule 26(g)(1)'s certification requirement has been satisfied. See Carr v. State Farm Mutual Automobile Insurance Co., 312 F.R.D. 459, 469 (N.D. Tex. 2015). Once the moving party establishes that the materials requested are within the scope of permissible discovery the burden shifts to the party resisting a motion to compel who "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." O'Bryant v. Walgreen Co., No. 19-60363, 802 F. App'x 826, 833 (5th Cir. 2020) (per curiam) (quoting McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990)).

### III.  Analysis

Defendants move the court to compel Plaintiff to respond to EOX's Interrogatories and Production Requests directed at the source of the supposed duty of "trust and confidentiality" that the Plaintiff seeks to impose on the Defendants.[7] Defendants argue that their "simultaneous production requests required the production of the rules and all related documents and communications regarding their promulgation, submission to the CFTC, approval and amendment,"[8] and that "[t]he Interrogatory includes CME Rules because an important question is what form of

---

[7] Id. at 1.

[8] Id. at 8.

-7-

Rule 526, that the CFTC cites for the supposed duty, in 2013-14 when the instant trades occurred."[9]   Defendants argue that they also requested "the production of all documents related to any other investigation or proceeding by the CFTC into block trading or 'insider trading,' including two cases the CFTC has touted as part of its 'Insider Trading Task Force.'"[10]   Defendants argue that Plaintiff made a blanket objection to all of their discovery requests, interrogatories, and production requests on essentially the same grounds, and that answers provided to Production Requests 2, 3, and 6 were also incorrect insofar as they stated that Plaintiff had already produced responsive documents, i.e., "CFTC-02-0000000933-2926" and "CFTC-02-0000000932-1062" because "those document ranges contain nothing responsive and are merely some bank records, correspondence by IFUS, and trade documents, including a 1500 page 'trade register' that states the details of hundreds of trades (CFTC-02-00000001411-2910)."[11]   Defendants argue that Plaintiff's "blanket objections on various grounds:   burden, proportionality, availability from other sources, . . . [and] 'relevancy' . . . [a]ll are meritless."[12]

---

[9]Id.

[10]Id.

[11]Id. at 8-9.

[12]Id. at 9.   See also Defendants' Reply on Their Motion to Compel Discovery Regarding the Source of the CFTC's Alleged "Duty of Trust and Confidentiality" ("Defendants' Reply"), Docket Entry

Asserting that "[t]he Commission responded to Defendants' Interrogatory No. 7, the request at the center of this dispute, on November 21, 2019,"[13] Plaintiff argues that Defendants' Motion to Compel should be denied because (1) Defendants failed to meet and confer on all the discovery issues; (2) Plaintiff adequately responded with respect to the "understanding" in the industry regarding a duty of trust and confidentiality; (3) Plaintiff's response and objections to Defendants' discovery requests related to "each and every other Exchange, Board of Trade or Other Trading Market Entity" are meritorious; and (4) Plaintiff's response and objections to Defendants' discovery requests related to the Insider Trading Task Force and other insider trading cases are meritorious.

## A.    Applicable Law

"[T]he district court has wide discretion in determining the scope and effect of discovery." Quintero v. Klaveness Ship Lines, 914 F.2d 717, 724 (5th Cir. 1990), cert. denied, 111 S. Ct. 1322 (1991). Rule 26(b)(1) generally allows a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

No. 106, pp. 4-7.

[13]Plaintiff's Response, Docket Entry No. 105, p. 4.

-9-

outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues.

Samsung Electronics America, Inc. v. Yang Kun Chung, 321 F.R.D. 250, 280 (N.D. Tex. 2017). Proportionality takes into account "the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense . . . outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party may withhold information that would be otherwise discoverable on the basis of privilege, Fed. R. Civ. P. 26(b)(1), but it must expressly make the claim and describe the nature of the document being withheld, Fed. R. Civ. P. 26(b)(5). The court must limit discovery that it determines is "unreasonably cumulative or duplicative," that the requesting party "has had ample opportunity to obtain," or that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 33 allows a party to "serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Leave to serve

additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Id. "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Federal Rule of Civil Procedure 34 allows a party to request production or inspection of "any designated documents or electronically stored information" as well as "any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). Any such request "must describe with reasonable particularity each item or category of items to be inspected" and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ P. 34(b)(1)(A)-(B).

"The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." Samsung, 321 F.R.D. at 283 (citing McLeod, 894 F.2d at 1485). "Failing to do so . . . makes such an usupported objection nothing more than unsustainable boilerplate." Id. (quoting Heller v. City of Dallas, 303 F.R.D. 466, 490 (N.D. Tex. 2014)).

## B.    Application of the Law to the Facts

### 1.    Defendants' Motion Contains a Certification of Conferral

Rule 37(a) requires a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

-11-

order." Fed. R. Civ. P. 37(a)(1). The first page of Defendants'
Motion to Compel contains a "Certification of Conferral."
Plaintiff acknowledges that "[o]n June 9, 2020, counsel for
Defendants and counsel for the Commission held a telephonic meet
and confer regarding the response to Interrogatory No. 7 that the
Commission served on November 21, 2019."[14]   Although Plaintiff
argues that Defendants' Motion to Compel should be denied because
"[c]ounsel for Defendants never raised his concerns with the
Commission's response to any other discovery request,"[15] Plaintiff's
response to the interrogatories posed in EOX's Interrogatories and
Production Requests refers to its answer to Interrogatory No. 7,
and Plaintiff argues that "[t]he Commission fulfilled its
obligation under Rule 33 with its response to Interrogatory
No. 7."[16]   Because Plaintiff responded to Interrogatory No. 1 of
EOX's Interrogatories and Production Requests by referring
Defendants to Plaintiff's response to Interrogatory No. 7, and
because Plaintiff's Response acknowledges that opposing counsel
held a telephonic meet and confer regarding the response to
Interrogatory No. 7, the court concludes that Defendants have
satisfied Rule 37(a)'s certification requirement, and that their
Motion to Compel should not be denied for failure to satisfy that
requirement.

---

[14]Id. at 5.

[15]Id.

[16]Id. at 10.

-12-

2.    <u>Plaintiff Has Adequately Responded with Respect to the
      Alleged "Duty of Trust and Confidentiality"</u>

The pending motion seeks to compel the Plaintiff "to respond
to [EOX's Interrogatories and Production Requests] directed at the
source of the supposed duty of 'trust and confidentiality' that the
CFTC seeks to impose on Defendants."[17]    Plaintiff's Response to
Interrogatory No. 1 in EOX's Interrogatories and Production
Requests sets forth a number of objections, and then states that
"[s]ubject to and without waiving these objections, the Commission
refers to its answer to Interrogatory No. 7."[18]    Defendants'
Interrogatory No. 7 asked the Commission to:

> Identify each "law," "rule," "agreement" and
> "understanding" pursuant to which you contend Defendants
> owed duties of trust or confidentiality, and each EOX
> customer to whom you contend owed such duties as a result
> of each "law," "rule," "agreement" and/or "understanding,"
> as alleged in paragraph 20 of the complaint.[19]

Plaintiff provided detailed responses to each of the four parts of
this request.[20]   Defendants fail to explain how or why the responses
that Plaintiff provided to Interrogatory No. 7 fail to adequately
respond to their request for information with respect to "the
source of the supposed duty of 'trust and confidentiality' that the

_____

[17]Defendants' Motion to Compel, Docket Entry No. 103, p. 1.

[18]Plaintiff's Response to Defendants' Fourth Set of
Interrogatories, Exhibit 13 to Defendants' Motion to Compel, Docket
Entry No. 103-1, p. 89.

[19]Plaintiff's Response, Docket Entry No. 105, p. 6.

[20]<u>See</u> Response to Interrogatory No. 7, Exhibit 1 to Plaintiff's
Response, Docket Entry No. 105-1, pp. 2-8.

-13-

CFTC seeks to impose on Defendants."[21]   The court has carefully reviewed Plaintiff's response to Interrogatory No. 7 and concludes that plaintiff has adequately responded to Defendants' request for information with respect to the CFTC's alleged "duty of trust and confidentiality."  Moreover, since "a party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless,'" Olivarez, 844 F.3d at 203, if Plaintiff attempts to rely on any additional sources for the "duty of trust and confidentiality" that have not been disclosed to Defendants during discovery, Defendants may move the court to strike or seek other appropriate relief.

      3.    <u>Plaintiff's Objections to Defendants' Discovery Requests Related to "Each and Every Other Exchange, Board of Trade or Other Trading Market Entity" Are Meritorious</u>

EOX's Interrogatories Nos. 1 and 2 ask Plaintiff to identify "[f]or each and every Exchange, Board of Trade or Other Trading Market Entity,"

> [(1)] each and every rule and/or other policy or guidance of any kind whatsoever, and any amendment thereto, that prohibits or at any time prohibited, limits or limited, or regulates or regulated in any way whatsoever the disclosure of information by one party to any counterparty and/or potential counterparty to a block trade and/or potential block trade (including but not limited to the types of disclosures involved in this case that You are contending were improper.); and

---

[21]Defendants' Motion to Compel, Docket Entry No. 103, p. 1.

[(2)] each and every rule and/or other policy or guidance
of any kind whatsoever, and any amendment thereto
(including but not limited to CME Rule 532, CBOT
Rule 532, NYMEX Rule 532, COMEX Rule 532, and ICE Europe
Futures Rule G.4), that (1) exempts parties and
counterparties in block trades and/or the negotiation of
block trades from . . . any rule or other published
mandatory policy that prohibits or at any time
prohibited, limits or limited, or regulates or regulated
in any way whatsoever the disclosure of information by
one party to any counterparty and/or potential
counterparty to a block trade and/or potential block
trade, including the types of disclosures involved in
this case that You are contending were improper, and/or
(2) permits them, whether conditionally or not, to
disclose such information and/or to engage in pre-
execution communications, including communications for
the purpose of discerning interest in the execution of a
transaction prior to the terms of an order being
submitted for execution.[22]

Plaintiff responded to these interrogatories by objecting
based on their overbreadth, irrelevance to the allegations of the
Complaint, the burden of responding to it, and the fact that the
information requested is not in the Commission's control.  The
Plaintiff also responded to Interrogatory No. 1 by referencing
Interrogatory No. 7, and to Interrogatory No. 2 by referencing all
documents and communications it had with an exchange related to
this matter (IFUS), which it had already produced.[23]

Plaintiff argues that Defendants' requests related to "Each
and Every Other Exchange, Board of Trade or Other Trading Market

---

[22]EOX's Interrogatories and Production Requests, Exhibit 12 to
Defendants' Motion to Compel, Docket Entry No. 103-1, pp. 79-80.

[23]Plaintiff's Response, Docket Entry No. 105, pp. 11-12.  See
also Plaintiff's Response to Defendants' Fourth Set of
Interrogatories, Exhibit 13 to Defendants' Motion to Compel, Docket
Entry No. 103-1, pp. 88-90.

Entity" are overbroad because Defendants define "Exchange, Board of Trade or Other Trading Market Entity," as

> every Registered Entity (as that term is used in the [CEA], as amended and any Regulations promulgated by You), exchange, futures exchange, options exchange, contract market, board of trade, foreign board of trade, derivatives clearing organization, trading facility, derivative, transaction execution facility, swap data repository, swap execution facility, and/or any other organization or entity of any kind, in existence and/or operating since January 1, 1983 (including but not limited to during the Relevant Period alleged in Paragraph 1 of Your Complaint in this Action), whether or not registered with or regulated by You.[24]

Asserting that "[s]uch an all-encompassing definition is overbroad on its face,"[25] and that "the Exchange Requests are overbroad in that they seek information from all the above-mentioned entities related to the prohibition or regulation of the disclosure of confidential information but also for any information that exempts or permits such disclosures,"[26] Plaintiff argues that "[t]his Court should deny Defendants' Motion to Compel additional responses to such an unwieldy request and uphold the Commission's objections."[27] Asserting that "the Exchange Requests are improper because they seek documents of third parties from the Commission,"[28] and that

---

· [24]Plaintiff's Response, Docket Entry No. 105, p. 12 (quoting EOX's Interrogatories and Production Requests, Exhibit 12 to Defendants' Motion to Compel, Docket Entry No. 103-1, pp. 77-78 ¶ 9).

[25]Id. at 13.

[26]Id.

[27]Id.

[28]Id.

"the Commission does not allege that the transactions at issue were governed by the rules or policies of any exchange other than IFUS,"[29] Plaintiff argues that Defendants have failed to establish that the Commission has control or possession of documents requested in the Exchange Requests, and that these requests are neither relevant nor proportional to the needs of the case.[30]

"If a discovery request is overbroad, the responding party must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to the extent that it is not — and explain the scope of what the responding party is answering or responding to." Heller, 303 F.R.D. at 488 (citing Consumer Electronics Association v. Compras and Buys Magazine, Inc., No. 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. September 18, 2008) ("If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope which is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.").

---

[29] Id. at 14.

[30] Id. at 13-15.

-17-

Acknowledging that Plaintiff has identified relevant rules from three entities, Defendants reply that "[t]he discovery requests at issue simply require the CFTC to identify the rules of entities other than the three it does specifically cite to (IFUS, CME & FINRA) that pertain to block trading."[31] Asserting that their discovery requests "seek information and materials only in the CFTC's possession,"[32] and that they "are entitled to the discovery at issue:  other exchange rules that will further inform the existence and scope of the CFTC's so-called 'industry understanding,'"[33] Defendants argue that the CFTC cannot "claim that rules of some industry entities create an 'understanding' about a supposed duty of confidentiality in block trading, while refusing to disclose rules of other entities that negate this understanding."[34]

Plaintiff has responded to Defendants' discovery requests by identifying the only rule it contends applies to the claims asserted in this action, _i.e._, IFUS Rule 4.02(i).[35]  Defendants request rules and amendments applicable to a broad universe of both domestic and foreign entities without demonstrating either that

---

[31]Defendants' Reply, Docket Entry No. 106, p. 6.

[32]_Id._ at 3-4.

[33]_Id._ at 8.

[34]_Id._ at 8-9.

[35]_See_ Response to Interrogatory No. 7, Exhibit 1 to Plaintiff's Response, Docket Entry No. 105-1, p. 4 ¶ 2.

Plaintiff possesses the information sought or that Defendants are unable to obtain that information from publicly available sources. Accordingly, the court concludes that Plaintiff's objections to Defendants' request for additional information related to rules and amendments for "Each and Every Other Exchange, Board of Trade or Other Trading Market Entity" are meritorious.  Because "a party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information . . . as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless,'" Olivarez, 844 F.3d at 203, if Plaintiff attempts to rely on any rules that have not been disclosed to Defendants during discovery, Defendants may move the court for appropriate relief.

        4.   <u>Plaintiff's Response and Objections to Defendants'</u> <u>Discovery Requests Related to the Insider Trading Task</u> <u>Force and Other Insider Trading Cases are Meritorious</u>

Defendants contend that

> [g]iven the CFTC's admission that there are no precedents for this case, and because the CFTC's press release nevertheless trumpeted the connection between this case and its insider trading "task force," Defendants also requested the production of all documents related to any other investigation or proceeding by the CFTC into block trading or "insider trading," including two cases the CFTC has touted as part of its "Insider Trading Task Force."[36]

Defendants argue that

> the discoverability of the CFTC's insider trading materials . . . fairly arises from the CFTC's citation of SEC insider trading law as a source of the duty, as well

---

[36]Defendants' Motion to Compel, Docket Entry No. 103, p. 8.

as its own chest-pounding press release that cloaked this
case with its "insider trading" program.

. . .

Given that the contours of insider trading in the
futures, options and derivatives arena is fraught with
uncertainty, therefore, policy statements, briefs and
filings in other cases, and all related materials are
clearly relevant to figuring out what the CFTC's own view
is of the breadth and scope of the statutes and
regulations it seeks to enforce for the block trades at
issue here.[37]

Plaintiff responds that "[e]ven if the Commission is pursuing

a novel legal theory, the merit of that theory is properly

addressed in a motion for summary judgment, not a motion to compel

discovery."[38]  Plaintiff also responds that

[t]his request is overbroad because it seeks the
production of (1) <u>every</u> document and communication
<u>related in any way</u> to anything the CFTC (department of
enforcement or otherwise) has ever done, without any time
limitation, that pertains to disclosing information and
block trading <u>or</u> insider trading, and (2) <u>any</u> cases
originated, developed, assigned to [be] reviewed by or
handled <u>in any way</u> by the CFTC's Insider Trading Task
Force (the "Insider Trading Request"). . .[39]

To the extent that Defendants seek policy statements, briefs,

and filings from other cases, those are publicly available

documents that are equally accessible to both parties.  Since the

parties appear to agree that the Commission is pursuing a novel

legal theory in this case, Defendants have failed to establish how

---

[37]<u>Id.</u> at 12-13.  <u>See also</u> Defendants' Reply, Docket Entry
No. 106, p. 7 (same).

[38]Plaintiff's Response, Docket Entry No. 105, p. 15.

[39]<u>Id.</u> at 16.

documents from other cases could possibly fall within the scope of permissible discovery.  <u>See Crosswhite</u>, 321 F. App'x at 368 ("A party may move to compel production of materials that are within the scope of discovery . . .").  Moreover, the merit of any novel legal theory is properly addressed in a motion for summary judgment, not a motion to compel.  Accordingly, the court concludes that Plaintiff's objections to Defendants' request for additional information related to the Insider Trading Task Force and other insider trading cases are meritorious.

### IV.   <u>Conclusions and Order</u>

For the reasons stated in § III, above, Defendants' Motion to Compel Discovery Regarding the Source of the CFTC's Alleged "Duty of Trust and Confidentiality" (Docket Entry No. 103) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 5th day of March, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE