United States District Court
Southern District of Texas
**ENTERED**
March 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-19-2901 |
| EOX HOLDINGS LLC and ANDREW GIZIENSKI, | § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

This action is brought by plaintiff, the Commodity Futures Trading Commission ("CFTC" or "Plaintiff"), against defendants, EOX Holdings LLC ("EOX") and Andrew Gizienski ("Gizienski") (collectively, "Defendants"), for violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-27f, and the Regulations promulgated thereunder, 17 C.F.R. parts 1-190, during the period beginning in or about August of 2013 and continuing through May of 2014 ("relevant period"). Pending before the court is Defendants' Motion to Amend the Revised Docket Control Order and for Leave to File Summary Judgment Motion on Counts I & II, and for Partial Summary Judgment on Counts III & IV ("Motion to Amend and for Leave to File SJ Motion") (Docket Entry No. 153). For the reasons stated below the Defendants' Motion to Amend and for Leave to File SJ Motion will be granted.

Plaintiff's complaint alleges that defendants violated the CEA and CFTC regulations when Gizienski, a broker at EOX, exercised discretionary trading authority over an account belonging to an EOX client at the same time that Gizienski facilitated block trades for other EOX customers.[1] In pertinent part Plaintiff's Complaint alleges that "[a]t all relevant times, Defendants owed duties of trust and confidentiality to EOX customers by law or rule, by agreement, and by understanding."[2]

On September 5, 2019, the court entered an Order informing the Defendants that

> [b]ecause of the number of dispositive motions pending on the court's docket, the court normally limits the parties to one dispositive motion. This limitation is especially appropriate when a defendant files a dispositive motion before the parties have conducted discovery. Since defendants filed a Notice of Motion to Dismiss and for Summary Judgment on Counts I and II of the Complaint as to EOX and Gizienski, and Motion to Dismiss All Counts against Gizienski ("Defendants' Dispositive Motion") (Docket Entry No. 23) before the case was transferred to the undersigned judge, defendants will advise the court by September 10, 2019, whether they wish to proceed with their Defendants' Dispositive Motion or to withdraw the motion and reserve their right to file a motion for summary judgment pursuant to the scheduling order that the court will enter at the September 27, 2019, initial pretrial and scheduling conference.[3]

---

[1] Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint"), Docket Entry No. 1, pp. 16-18 ¶¶ 75-85. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2] Id. at 5 ¶ 20.

[3] Order, Docket Entry No. 69, p. 2.

On September 10, 2019, Defendants "advise[d] the court that they wish to proceed at this time with their Motion to Dismiss and for Summary Judgment on Counts I and II of the Complaint (the "Motion," Docket Entry No. 23)."[4]

On September 26, 2019, the court denied the Defendants' dispositive motion.[5]

On September 27, 2019, the court held a pretrial and scheduling conference at which the court entered a Docket Control Order with a dispositive motion deadline only for the Plaintiff.[6] The Minutes and Order from the pretrial and scheduling conference state that "[t]here will be no dispositive motions filed by the defendants."[7] Each revised version or continuation of the Docket Control Order in this case contains a dispositive motion deadline only for the Plaintiff.[8]

On February 26, 2021, Plaintiff filed Plaintiff's Motion for Summary Judgment (Docket Entry No. 150), and also filed CFTC's Memorandum of Law in Support of Motion for Summary Judgment (Docket Entry No. 151). On the same day Defendants filed the pending Motion to Amend and for Leave to File SJ Motion attached to which

---

[4] Defendants' Advisement of Intent, Docket Entry No. 70, p. 1.

[5] Memorandum Opinion and Order, Docket Entry No. 74.

[6] Docket Control Order, Docket Entry No. 76, p. 2 ¶ 9.

[7] Minutes and Order, Docket Entry No. 75.

[8] See Amended Docket Control Order, Docket Entry No. 95, p. 1 ¶ 9; Second Amended Docket Control Order, Docket Entry No. 98, p. 1 ¶ 9; and Revised Docket Control Order, Docket Entry No. 102, p. 2 ¶ 9.

is their motion for summary judgment and a memorandum of law in support of their motion for summary judgment. Acknowledging that the court's scheduling orders do not permit them to file another dispositive motion, and asserting that "discovery has shown that except for two small parts of the CFTC's claims, it has no case,"[9] Defendants argue that "resolution of these issues by summary judgment without the expense, difficulty and waste of a full-blown endless trial is in the interests of justice and judicial economy."[10] Defendants also argue that the court's resolution of cross-motions for summary judgment "will substantially narrow the issues and likely lead to the settlement of this case, but certainly to streamlined further proceedings."[11]

Plaintiff opposes Defendant's Motion to Amend and for Leave to File SJ Motion. Asserting that "[p]ermitting the Defendants to file a second dispositive motion would lead only to inefficiency,"[12] Plaintiff argues that

---

[9]Defendants' Motion to Amend and for Leave to File SJ Motion, Docket Entry No. 153, p. 1. See also Defendants' Reply on Their Motion to Amend the Revised Docket Control Order and for Leave to File Summary Judgment Motion on Counts I & II, and for Partial Summary Judgment on Counts III & IV, Docket Entry No. 157, p. 1 ("Defendants recognize this Court's prior limitation of Defendants to a single dispositi[ve] motion in accordance with the Court's normal limitation of parties to one dispositive motion.").

[10]Defendants' Motion to Amend and for Leave to File SJ Motion, Docket Entry No. 153, p. 1.

[11]Id.

[12]Plaintiff's Response in Opposition to Defendants' Motion to Amend the Revised Docket Control Order and Leave to File Summary Judgment, Docket Entry No. 155, p. 2.

> Defendants can more efficiently raise their arguments in response to the CFTC's motion for summary judgment rather than filing a cross-motion that would double the amount of briefing. For example, the CFTC argues on summary judgment that Defendants owed a duty of trust and confidence to EOX customers (ECF No. 151 at 20-22), while Defendants seek to argue that they did not owe any duty of confidentiality to their customers (ECF No. 153-3 at 16-17). That issue — like all of the other issues Defendants seek to raise — can be much more easily resolved in one set of briefs rather than in parallel motions asking the Court to decide the same legal issue twice.[13]

Although the court normally limits the parties to one dispositive motion, the court is persuaded that the interests of both the parties and justice will best be served by allowing the Defendants to file a second dispositive motion. While a single motion for summary judgment allows the court to enter judgment for the party who filed the motion, cross-motions for summary judgment allow the court to render summary judgment for whichever party — if any — satisfies the burden of establishing entitlement to judgment as a matter of law. Shaw Constructors v. ICF Kaiser Engineers, Inc., 395 F.3d 533, 539 n.9 (5th Cir. 2004), cert. denied, 126 S. Ct. 342 (2005).

Accordingly, Defendants' Motion to Amend the Revised Docket Control Order and for Leave to File Summary Judgment Motion on Counts I & II, and for Partial Summary Judgment on Counts III & IV (Docket Entry No. 153) is **GRANTED**.

The Clerk is **DIRECTED** to file Defendants' Motion for Summary Judgment on Counts I & II, and for Partial Summary Judgment on

---

[13]Id.

Counts III & IV (Docket Entry No. 153-2); Defendants' Memorandum in Support of Their Motion for Summary Judgment on Counts I & II, and for Partial Summary Judgment on Counts III & IV (Docket Entry No. 153-3); Exhibits (Docket Entry No. 153-4); Unpublished Decisions (Docket Entry No. 153-5); and Order (Docket Entry No. 153-6).

**SIGNED** at Houston, Texas, on this the 8th day of March, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE