# Exhibit 2

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
 2
      COMMODITY FUTURES            §
 3    TRADING COMMISSION,           §
                                    §
 4            Plaintiff,            §
                                    §   CIVIL ACTION
 5    vs.                           §   NO.: 4:19-CV-02901
                                    §
 6    EOX HOLDINGS LLC AND          §
      ANDREW GIZIENSKI,             §
 7                                  §
              Defendants.           §
 8

 9        ******************************************

10          REMOTE VIDEOCONFERENCE DEPOSITION OF

11                ALEXANDER N. ELSIK

12                SEPTEMBER 9, 2020

13        ******************************************

14

15        REMOTE VIDEOCONFERENCE DEPOSITION OF ALEXANDER

16   N. ELSIK, produced as a witness, duly sworn by me at

17   the instance of the DEFENDANTS, was taken in the

18   above-styled and numbered cause on the 9TH of

19   SEPTEMBER, 2020, from 11:09 A.M. to 12:57 P.M., via

20   remote means, before PENNY L. PABITZKY, CSR, RPR, in

21   and for the State of Texas, reported by computerized

22   machine shorthand, via Alexander N. Elsik's

23   residence, Houston, Texas, pursuant to the Federal

24   Rules of Civil Procedure and the provisions stated

25   on the record or attached hereto.
```



1   of execution.
2       Q.   Okay.  So, to perform their services, if
3   I understood your answer correctly, it would be --
4   the kind of information that could be necessary or
5   appropriate would be the type of quantity of your
6   order.
7            Is that a correct characterization?
8       A.   And the direction, whether we're buyers
9   or sellers.
10      Q.   Okay.  The direction would be appropriate
11  and/or necessary as would the quantity, correct?
12      A.   Yes.
13      Q.   Okay.  Would your name -- and I'm
14  speaking your name, specifically, Alex Elsik -- be
15  necessary or appropriate for Choice Services to
16  perform their services for you?
17      A.   In my opinion, no.  That would not be
18  necessary.
19      Q.   What about your company's name?
20      A.   In my opinion, no.
21      Q.   Okay.  Did you ever authorize
22  Mr. Gizienski to disclose your identity as a
23  bidder or offeror to other market participants?
24      A.   I don't recall ever doing that, but it
25  doesn't mean that it didn't happen.  We did

