United States District Court
Southern District of Texas
**ENTERED**
August 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-2901 |
| EOX HOLDINGS L.L.C. and ANDREW GIZIENSKI, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants EOX Holdings LLC and Andrew Gizienski ("Defendants") seek full credit for fines they paid to ICE Futures U.S. ("ICE") in settlement of that exchange's rule enforcement proceeding.[1] Defendants have submitted ICE settlement documents dated December 4, 2017, ordering payment of $442,000.00 on behalf of EOX Holdings LLC and $50,000.00 on behalf of Mr. Gizienski.[2] Citing an excerpt from the trial transcript, Defendants argue that counsel for plaintiff, Commodity Futures Trading Commission ("CFTC") agreed that Defendants are entitled to a credit for the

---

[1] Defendants' Memorandum on Credit for ICE Fines ("Defendants' Memorandum"), Docket Entry No. 250, p. 1.

[2] See Settlement of Charges Against EOX Holdings, LLC, Andrew Gizienski, & Eric Torres, Exhibit 1 to Defendants' Memorandum, Docket Entry No. 250-1, pp. 2-3.

fines paid to ICE.[3] Defendants argue that "[b]ecause of this concession, Defendants did not deal with this issue in their case. For the CFTC to reverse its concession now would be substantially prejudicial to Defendants."[4] Defendants also cite the CFTC's Division of Enforcement Manual for stating that

> in regard to the determination of a civil penalty, the Division takes into account:
>> The total mix of remedies and monetary relief to be imposed on the Respondent in the recommended Commission enforcement action, **in addition to the remedies and relief to be imposed in parallel cases involving** criminal authorities (including incarceration), **other regulatory entities, or self-regulatory organizations**; . . .[5]

Defendants argue that "[i]f the CFTC can take into account prior fines in determining civil penalties, so can this Court."[6]

Asserting that ICE is a private entity, and that there is no basis for remittitur based on settlement with a private entity, the CFTC argues that the court should deny the Defendants' effort to obtain credit for fines paid to ICE in settlement of that exchange's rule enforcement proceeding because "(A) the jury's

---

[3]Defendants' Memorandum, Docket Entry No. 250, p. 2 (citing Jury Trial - Day 2 Afternoon Session, p. 167:6-23, Exhibit 2 to Defendants' Memorandum, Docket Entry No. 250-2, p. 3).

[4]Id.

[5]Id. (quoting CFTC Division of Enforcement, Enforcement Manual, p. 31, Exhibit 3 to Defendants' Memorandum, Docket Entry No. 250-3, p. 5 (emphasis added by Defendants)).

[6]Id. at 3.

award was not excessive and (B) it establishes a disfavorable public policy."[7]

There is no dispute that (1) ICE is a private, nongovernmental organization; (2) the CFTC was not a party to the Defendants' settlement with ICE; and (3) Defendants' settlement with ICE does not preclude this enforcement action by the CFTC. See U.S. Commodity Futures Trading Commission v. Southern Trust Metals, Inc., 894 F.3d 1313, 1322-23 (11th Cir. 2018), cert. denied, 139 S. Ct. 1464 (2019) (citing inter alia Jones v. Securities and Exchange Commission, 115 F.3d 1173, 1179-81 (4th Cir. 1997), cert. denied, 118 S. Ct. 1512 (1998) ("We have found no statutory, regulatory, or historical reference to support [the] argument that NASD discipline of its members was intended to preclude this disciplinary action by the SEC itself against a securities professional."). Defendants' request for credit against the jury's award of civil monetary penalties for fines paid to ICE appears to be novel and without precedent. The only Fifth Circuit authority Defendants cite states that "a court may consider settlement payments when calculating disgorgement . . . .," Securities and Exchange Commission v. Halek, 537 F. App'x 576, 582 (5th Cir. 2013), but disgorgement is not an issue in this case. Defendants also cite persuasive authority from the Second Circuit recognizing that it is not "improper for the district court to take into

---

[7]Plaintiff's Response in Opposition to Defendants' Memorandum on Credit for ICE Settlement ("Plaintiff's Response"), Docket Entry No. 253, p. 4.

account any prior punishment that may have been imposed in a criminal proceeding," Securities and Exchange Commission v. Patel, 61 F.3d 137, 142 (2d Cir. 1995), but Defendants have not been subjected to a criminal proceeding.

Defendants argue that during trial, counsel for the CFTC agreed that Defendants are entitled to a credit for the fines paid to ICE.[8] But the statement on which Defendants rely was made in response to the court's questions outside of the presence of the jury about injunctive relief and penalties. It was not an agreement by CFTC to a credit against any penalties that the jury might impose; but was a description of concessions that the CFTC offered to Defendants during failed settlement negotiations. The CFTC argues and the court agrees that

> the CFTC has proved its case before a jury, established the extent and severity of Defendants' violations of law and been awarded penalties based on the evidence. Defendants cannot have it both ways: they cannot refuse good faith settlement offers, take a case to verdict and then ask the Court to give them the benefits accrued to parties who settle in advance of trial.[9]

Defendants' contention that "[b]ecause of this concession, [they] did not deal with this issue in their case[; and f]or the CFTC to reverse its concession now would be substantially prejudicial to [them],"[10] is belied by Defendants' motion in limine

---

[8]Defendants' Memorandum, Docket Entry No. 250, p. 2 (citing Jury Trial - Day 2 Afternoon Session, p. 167:6-23, Exhibit 2 to Defendants' Memorandum, Docket Entry No. 250-2, p. 3).

[9]Plaintiff's Response, Docket Entry No. 253, p. 2.

[10]Defendants' Memorandum, Docket Entry No. 250, p. 2.

seeking to prohibit the CFTC "from adducing evidence regarding the ICE investigation and results."[11] The court is not persuaded by Defendants' argument in their Reply that "[o]nce CFTC counsel agreed to the ICE credit," Defendants chose not to offer evidence of the ICE settlement.[12] Before the court asked CFTC's counsel about the payments by Defendants to ICE, Defendants never indicated that they were entitled to a credit against monetary penalties in this action based on the fines they paid to ICE. Defendants never mentioned their right to such a credit in the Joint Pretrial Order.

"There is a strong presumption in favor of affirming a jury award of damages. The damage award may be overturned only upon a clear showing of excessiveness . . ." Giles v. General Electric Co., 245 F.3d 474, 488 (5th Cir. 2001) (quoting Eiland v. Westinghouse Electric Corp., 58 F.3d 176, 183 (5th Cir. 1995)). Defendants have not argued and the court does not find that the jury's award of monetary penalties was excessive. To the contrary, the jury awarded an amount per violation that was within the limits stated in the court's Jury Charge and Verdict Form. Moreover, on Count II, the jury awarded penalties for only 65 of 122 possible trades, and 5 of 6 possible disclosures, evidencing the

---

[11]Defendants' Memorandum Accompanying the Filing of the Joint Pretrial Order, Docket Entry No. 186, p. 6.

[12]Reply on ICE Settlement Credit, attachment 1 to Defendants' Motion for Leave to File Reply on ICE Settlement Credit Issue, Docket Entry No. 258-1.

conscientiousness of the jury. The court therefore concludes that the jury award should not be disturbed. Accordingly, Defendants' request for credit for fines they paid to ICE in settlement of that exchange's rule enforcement proceeding is **DENIED**.

**SIGNED** at Houston, Texas, on this 12th day of August, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE